(Reap. Dec. 10796)

MITSUBISHI INT'L CORP. *v.* UNITED STATES

Entry No. 840468, etc.

(Decided August 5, 1964)

*William Whynman* and *Lane, Young & Fox* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the appeals for reappraisement listed in the attached Schedule A consists of footwear, the uppers of which are composed in chief value of rayon with soles composed wholly or in chief value of India rubber; and that said footwear was appraised under Section 402a(g) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

That at the time of exportation of the imported footwear no domestic manufacturer offered like or similar footwear for sale and like or similar footwear was not manufactured or produced in the United States.

That on or about the date of exportation, such or similar footwear was freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, at the invoice unit prices less marine insurance premium and ocean freight, as noted on the invoices, said prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

That on or about the date of exportation, the foreign value or such value as defined in Section 402a(c) of the Tariff Act of 1930, as amended, of such or similar merchandise was no higher.

IT IS FURTHER STIPULATED AND AGREED that the said appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the footwear in question is export value, as defined in section 402 a(d) of the Tariff Act of 1930, as amended, and hold that such statutory value for the present merchandise is the invoice unit prices, less marine insurance premium and ocean freight as noted on the invoices.

Judgment will be rendered accordingly.